# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK BLANKENBURG,

             Petitioner,          :    Case No. 1:16-cv-505

   - vs -                         District Judge Michael R. Barrett
                                  Magistrate Judge Michael R. Merz

MICHELE MILLER, Warden,
  Belmont Correctional Institution,
                            :
              Respondent.

# DECISION AND ORDER ON PETITIONER'S MOTION FOR DISCOVERY

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Limited Discovery (ECF No. 33). The Motion was filed and served July 10, 2017. Respondent has not opposed the Motion and the time to do so under S. D. Ohio Civ. R. 7.2 has expired.

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied*, 537 U.S. 831

(2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus. This part of the *Bracy* analysis makes it clear that discovery should not be authorized on

2

allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Second, the Supreme Court identified circumstances which corroborated Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981. The lawyer announced that he was ready for trial just a few weeks later. He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation. Tr. of Oral Arg. 43. At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case. Tr. of Oral Arg. 17-18, 43-44. [FN11] This is, of course, only a theory at this point; it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan. It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

*Id*. at 909. The quoted "specific allegations" language is from *Harris v. Nelson, supra,* and

demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation.

Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform the a district court's exercise of its discretion in granting discovery under Habeas Rule 6.

> The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

*Turner v. Hudson*, Case No. 2:07-cv-595 (Decision and Order Granting in Part and Denying in Part Petitioner's Motion for Discovery, July 11, 2008).

In this case the claim on which discovery is sought is actual juror bias. Petitioner has submitted evidence in the form of the affidavits of Juror 314's former co-workers which support that claim. The Magistrate Judge has already determined in the Interim Report and Recommendations that the state courts' ultimate determination on this claim is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings and Petitioner is therefore not barred from an evidentiary hearing on his claims by

*Cullen v. Pinholster,* 563 U.S. 170 (2011).  The Interim Report and Recommendations is subject to Respondent's Objections, but the Interim Report also posits that a final determination on Petitioner's Second Ground for Relief cannot properly be made until an evidentiary hearing is held.  The discovery sought is therefore appropriate in preparation for such a hearing and perhaps in eliminating its necessity.

Petitioner is accordingly granted leave to depose juror T.M. (aka Juror 314) regarding the issues in this case.  He is also granted leave to depose the prosecutor who told Petitioner's counsel prior to sentencing about an email group that he had formed.  That deposition must be limited to the topic of the email group.  Because the prosecutor in question is not a party to this case and has not had an opportunity to be heard on the question of his deposition, Petitioner shall subpoena the prosecutor sufficiently in advance of the deposition to allow the prosecutor to file a motion to quash.  Petitioner's counsel is directed to serve a copy of this Order on the prosecutor upon its receipt.

Petitioner also seeks leave to subpoena the medical records of Juror T.M.'s son to show he was Petitioner's patient.  The present age of the son is not disclosed; he may now be an adult. Because of his privacy interest in his medical records, the Court declines to authorize a subpoena for them until less intrusive efforts to obtain the relevant information have been proven unsuccessful.  (E.g., if Juror T.M. concedes the fact at deposition).

The discovery permitted herein shall be completed not later than October 1, 2017.


August 9, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge