# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK BLANKENBURG,

            Petitioner,      :      Case No. 1:16-cv-505

  - vs -                         District Judge Michael R. Barrett
                               Magistrate Judge Michael R. Merz

MICHELE MILLER, Warden,
  Belmont Correctional Institution,

                              :

           Respondent.

# REPORT AND RECOMMENDATIONS ON WARDEN'S MOTION
# FOR RECONSIDERATION OF RECOMMITTAL

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on the Warden's Motion (ECF No. 42) asking the District Court to reconsider its Recommittal Order (ECF No. ECF No. 37). Although the Motion is pre-trial and non-dispositive, it asks a District Judge to reconsider an order made by that Judge *sua sponte*, and is therefore appropriate for a recommendation from the assigned Magistrate Judge.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

The Warden does not suggest the Recommittal Order is based on a manifest error of law or that he has new evidence or intervening authority. Instead, the Warden objects to the order of proceeding, arguing that he is entitled to a ruling on his Objections to the Interim Report and Recommendations before discovery is done and the Court takes evidence. But he points to no law supporting that manner of proceeding. In the exercise of judicial discretion for the staging of proceedings, the Magistrate Judge could have ordered discovery and an evidentiary hearing before filing any report at all. The Interim Report had the intention and has served the function of narrowing the issues to be decided.

It is true that as the case is presently scheduled, the Attorney General's Office will have to staff the discovery and the evidentiary hearing, expenditures of resources that Office would not have to make if they could achieve an outright victory at this stage of the proceedings. But by ordering discovery and an evidentiary hearing, the Magistrate Judge has in effect decided the case will not be ripe for decision without the additional evidence. If the Warden believes it was error to grant discovery and a hearing, he could have objected to those orders, but did not do so within the time allowed by Fed. R. Civ. P. 72.[1]

The essence of the Warden's Motion appears to be "consideration of the merits of the juror bias claim by an Article III judge should be a necessary step before this federal court intrudes on the sanctity of a state trial court's jury room." (Motion, ECF No. 42, PageID 3845). But federal habeas corpus law does not provide for any such "necessary" step nor single out

---

[1] In the last sentence of the Motion, the Warden asks the District Judge to "hold in abeyance, or overrule, the magistrate judge's two most recent orders for discovery and conditionally granting an evidentiary hearing . . ." (ECF No. 42, PageID 3845. That request was made on August 22, 2017. The time for objecting to those two orders expired on August 23, 2017, but no objections were filed. Fed. R. Civ. P. 72(a).

particular kinds of constitutional claims which are too important to be heard by magistrate judges in the first instance.

The Court committed no error of law in recommitting the matter. Such recommittal is expressly authorized by Fed. R. Civ. P. 72. The Motion for Reconsideration should therefore be DENIED.

August 30, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).