**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

MARK BLANKENBURG,

                Petitioner,      :      Case No. 1:16-cv-505

    - vs -                             District Judge Michael R. Barrett
                                         Magistrate Judge Michael R. Merz

MICHELE MILLER, Warden,
  Belmont Correctional Institution,

                                :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 69) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 62). The Warden has responded to the Objections (Response, ECF No. 70) and District Judge Barrett has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal order, ECF No. 71).

The procedural history of this case is detailed in the original Report (ECF No. 62, PageID 4122-23). In an Interim Report and Recommendations, the Magistrate Judge concluded that, as to Ground Two on juror bias, the state courts' decision was not a reasonable determination of the facts on the evidence presented and required an evidentiary hearing in this Court (ECF No. 26. PageID 3790). An evidentiary hearing was then held and a final Report filed (ECF No. 62). That Report summarizes the evidence received from Dale Monroe Martin, Robin Abaire Martin (Dale's mother), Timothy Blunt, and Tara McCarthy, the allegedly biased juror.

1

Although Petitioner's Ground Two had encompassed sub-claims of actual juror bias, implied juror bias, and deliberate juror concealment during voir dire, he limited himself to actual juror bias in his written closing argument after the hearing (Report, ECF No. 62, PageID 4131, citing ECF No. 56, PageID 4072 n.1). Because the state court fact determination had been found unreasonable under 28 U.S.C. § 2254(d)(2), the actual juror bias question was to be decided de novo by this Court, with the burden of proof on Petitioner (Report, ECF No. 62, PageID 4131-32, citing *Holder v. Palmer,* 588 F.3d 328, 339 (6th Cir. 2009)). The Supreme Court has held that the question of actual juror bias is one of historical fact, not a mixed question of law and fact. *Id.* at PageID 4132, citing *Patton v. Yount,* 467 U.S. 1025, 1036 (1984). Petitioner summarized the issue before the Court as "whether the court believes the coworkers' testimony that the juror revealed her bias to them." (Reply Closing Argument, ECF No. 60, PageID 4114, citing *Patton*, 467 U.S. at 1036).

The Report then devotes six pages to explaining why the Magistrate Judge credited the testimony of Juror McCarthy and discredited the other testimony (Report, ECF No. 62, PageID 4133-38).

**Objections**

Petitioner first objects to the denial of a certificate of appealability because "[a] different jurist could find this court's credibility determination debatable or wrong." (Objections, ECF No. 69, PageID 4146). But how would a different jurist reach that conclusion?

Blankenburg asserts that "[t]wo independent witnesses who worked with the juror heard

her express bias against Blankenburg. . . " (Objections, ECF No. 69, PageID 4146). However, he gives no record references for such supposed evidence. Timothy Blunt had no first hand (non-hearsay) evidence on any material point. Robin Martin also had no first-hand knowledge of any biased statements allegedly made by Juror McCarthy. The only non-hearsay evidence of Juror McCarthy's alleged bias was from co-worker Dale Monroe Martin. The Magistrate Judge discredited his testimony because of his having been disciplined at work by Juror McCarthy (Report, ECF No. 62, PageID 4136-37). Juror McCarthy's testimony was direct and unequivocal. *Id*. at PageID 4137. Blankenburg points to no inappropriate factors relied on by the Magistrate Judge in assessing credibility. If another jurist disagreed with the credibility assessment what reasons would he give?

A Magistrate Judge's findings of fact are reviewed under Fed.R.Civ.P. 72(b) for "clear error." "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985); accord *United States v. Tolbert*, 668 F.3d 798, 800 (6th Cir. 2012) (citation omitted); *Ag. Servs. Ass'n, Inc. v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1071 (6th Cir. 1977), quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003),quoting *Anderson*, 470 U.S. at 574 . "[A] trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson* 470 U.S. at 575 (1985). The Seventh Circuit has offered a particularly colorful

analogy: "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

Blankenburg objects that the Magistrate Judge had a "misplaced focus on whether the juror's son [Evan] was Blankenburg's pediatric patient . . ." (Objections, ECF No. 69, PageID 4147). Yet, it was this very alleged fact on which Petitioner relied to show that Juror McCarthy had a motive to be biased. This is another instance where a strong case was constructed on paper that did not hold up with live testimony. Juror McCarthy testified unequivocally that her son was never a Blankenburg patient. The contrary testimony from the Martins was very weak (based on a years-old memory of supposedly filling one or more prescriptions out of hundreds filled per day) and not corroborated by anyone associated with the practice (See Report, ECF No. 62, PageID 4136-37). Petitioner himself could have given direct testimony if he had treated Evan McCarthy, but he was not called as a witness. Blankenburg claims in his Objections that he could not remember whether he treated Evan McCarthy, but there is no record evidence to support that assertion.

Blankenburg objects to the Magistrate Judge's treatment of the testimony of Timothy Blunt. In his Affidavit in support of Blankenburg's Petition for Post-Conviction Relief in the state court, Blunt had averred that "Tara McCarthy also told Dale Martin that she wanted to see Dr. Blankenburg 'fry' (her word) for what he had allegedly done to the various victims." (Affidavit, ECF No. 23-2, PageID 3735, ¶ 8, quoted in the Report, ECF No. 62, PageID 4133). It turned out at the hearing that Blunt had not heard McCarthy say that, but rather that Robin Martin had told Blunt that Juror McCarthy had said the biased words to Dale Martin (Hrg. Tr., ECF No. 52, PageID 3921).

Responding to the Warden's hearsay objection, Petitioner's counsel argued the testimony was non-hearsay because it was offered merely to show that the statement had been made (from Robin McCarthy to Dale Martin). He repeats that objection now (Objections, ECF No. 69, PageID 4148). But Blunt is not competent under Fed.R.Evid. 602 to testify about what statements Juror McCarthy made to Dale Martin, because he was not present to hear them. Blankenburg now argues also that Dale Martin's statement to his mother about what Juror McCarthy said to him meets the excited utterance exception to the hearsay rule. *Id*. No such argument was made at the hearing; nor has Petitioner pointed in his Objections to any record evidence that would satisfy Fed.R.Evid. 803(2).

Finally, Blankenburg again focuses on Juror McCarthy's asserted concealment of her alleged "professional" relationship with Blankenburg, because she did not mention during voir dire that she had filled prescriptions he has written (Objections, ECF No. 69, PageID 4148). While that could be regarded as a professional relationship – a professional pharmacist filling written orders by a medical doctor – the evidence was that the Kroger stores in question filled hundreds of prescriptions each day. It is not alleged or proven that anything about these prescriptions from this doctor would have created any kind of bias. And finally, Blankenburg abandoned his juror concealment claim in his post-hearing brief.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not

disagree with this conclusion, Petitioner should be denied a certificate of appealability.

August 2, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).