**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Mark Blankenburg,

      Petitioner,

                                Case No.: 1:16-cv-505

    v.

                                Judge Michael R. Barrett

Warden, Belmont Correctional Institution,

      Respondent.

## <u>ORDER</u>

This matter is before the Court on the Magistrate Judge's June 19, 2017 Interim Report and Recommendation ("R&R") (Doc. 26), Respondent's Objections thereto (Doc. 27), and Petitioner's Notice (Doc. 36); the Magistrate Judge's January 9, 2019 R&R (Doc. 62), Petitioner's Objections thereto (Doc. 69) and Respondent's response to Petitioner's Objections (Doc. 70); the Magistrate Judge's August 2, 2019 Supplemental R&R (Doc. 72), Petitioner's Objections thereto (Doc. 77) and Respondent's response to Petitioner's Objections (Doc. 78).

The Magistrate Judge recommends dismissing Petitioner's petition for a writ of habeas corpus with prejudice; and denying Petitioner a certificate of appealability. (Doc. 72).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. The Magistrate Judge set forth the factual and procedural background, as well as the applicable legal standards, and the same will not be repeated here except to the extent necessary to address Petitioner's objections.

In Ground One, Petitioner brings claims for insufficient notice and double jeopardy. In the Magistrate Judge's June 19, 2017 Interim R&R, the Magistrate Judge recommended that this Ground for Relief be dismissed with prejudice. (Doc. 26). In Petitioner's Notice, he stated that he would not be objecting to the dismissal of Ground One. (Doc. 36). The Magistrate Judge has incorporated his recommendation as to Ground One in his January 9, 2019 R&R. (Doc. 62).

In Ground Two, Petitioner claims his right to a fair and impartial trial by jury was violated in three ways: by actual juror bias, by implied juror bias, and by deliberate juror concealment during voir dire. In his Interim R&R, the Magistrate Judge concluded that the Ohio courts' decision that Petitioner was not deprived of a trial by an impartial jury was based on an unreasonable determination of the facts in light of the evidence presented. (Doc. 26, PAGEID# 3783). The Magistrate Judge allowed discovery and conducted an evidentiary hearing. (Doc. 52). The parties then filed post-hearing briefs. (Docs. 56, 57, 60). The Magistrate Judge has explained that in this briefing, Petitioner limited his claim to actual juror bias. (Doc. 62, PAGEID# 4131).

After reviewing the evidence in the record, the Magistrate Judge concluded in his January 9, 2019 R&R that Petitioner had not carried his burden of proving that the jury trial included a juror who was actually biased against him; and therefore, Ground Two should be dismissed with prejudice. (Doc. 62, PAGEID# 4139). The Magistrate Judge also recommended: "Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*." (Id.)

In his objections to the January 9, 2019 R&R, Petitioner argues that the Magistrate Judge erred in concluding that certificate of appealability should not issue under *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) and *Miller-El v. Cockrell*, 537 U.S. 322, 336-338 (2003). Petitioner explains that it is at least debatable that the court assessed credibility in error. Petitioner also argues that the Magistrate Judge erred by focusing on whether the juror's son was Petitioner's patient and concluding that Petitioner could have produced better evidence on this issue. Finally, Petitioner objects to the Magistrate Judge's conclusions regarding hearsay and impeachment evidence.

However, after a detailed review of the testimony presented at the evidentiary hearing, the Magistrate Judge concluded in his August 2, 2019 Supplemental R&R that his credibility determination was not clearly erroneous. (Doc. 72). Petitioner objects to this conclusion, arguing that the Magistrate Judge incorrectly applied the clear error standard of review in his analysis; and the Magistrate Judge incorrectly excluded admissible evidence. (Doc. 77).

As the Sixth Circuit has explained:

> The Sixth and Fourteenth Amendments guarantee a criminal defendant's right to a fair and impartial jury. *See Morgan v. Illinois*, 504 U.S. 719, 729, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992). "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961) (internal citation omitted). The presence of even a single biased juror deprives a defendant of his right to an impartial jury. *Williams v. Bagley*, 380 F.3d 932, 944 (6th Cir. 2004) (citing *Morgan*, 504 U.S. at 729, 112 S.Ct. 2222).

*Hanna v. Ishee*, 694 F.3d 596, 616 (6th Cir. 2012). Bias in this context is "actual bias, or bias in fact: the existence of a state of mind that leads to an inference that the person will not act with impartiality." *Holder v. Palmer*, 588 F.3d 328, 339-340 (6th Cir. 2009) (quoting *Hughes v. United States*, 258 F.3d 453, 463 (6th Cir. 2001)). To show actual bias, the defendant "must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Hanna*, 694 F.3d at 616 (quoting *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984)). "The motives for concealing information . . . may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *Id*.

One source of possible bias was that the juror's son was a patient of Petitioner. However, at the evidentiary hearing the juror testified that her son was not a patient of Petitioner. (Doc. 62, PAGEID# 4137). The only other evidence on this issue is the testimony of the juror's co-workers who remembered filling prescriptions for the juror's son written by Petitioner. The Magistrate Judge found the co-worker's testimony was either based upon hearsay, or was not credible because the pharmacy where they worked filled hundreds of prescriptions each day; and one co-worker, Dale Martin, had been

criticized by the juror for not keeping pace at work, which would have given him motive to provide negative testimony against her.  (Doc. 62, PAGEID# 4134, 4135, 4136).

Other evidence of bias included statements allegedly made by the juror to co-workers at the pharmacy where she worked.  According to these co-workers, the juror stated that she was determined to get on the jury and wanted to see Petitioner "fry" for what he had done.  The Magistrate Judge found that one co-worker, Robin Martin, presented non-hearsay testimony on this point, but the Magistrate Judge concluded that her testimony was entitled to little or no weight.  (Doc. 62, PAGEID# 4135).  The Magistrate Judge explained that Robin Martin provided little detail as to when or where she heard the juror make these statements about serving on the jury, and she had waited eight years to come forward with this evidence.  (Doc. 62, PAGEID# 4135).  While another co-worker, Dale Martin (the son of Robin Martin), testified that he "vaguely remember[s]" one instance in which the juror stated that she wanted to see either Petitioner or his co-defendant "fry," the Magistrate Judge did not put much weight into this testimony because as explained above, Dale Martin had been criticized at work by the juror.  (Doc. 62, PAGEID# 4136).  Moreover, the Magistrate Judge noted that the juror testified at the evidentiary hearing that she had never made any statements about wanting to get onto the jury for Petitioner's trial; and the juror volunteered information during voir dire which could have removed her from the jury.  (Doc. 62, PAGEID# 4137).

Finally, Petitioner argued that during voir dire the juror concealed that she had filled prescriptions written by Petitioner.  The Magistrate Judge explained that it would be reasonable for the juror to consider filling prescriptions written by Petitioner as something other than having a "professional relationship" with Petitioner.  (Doc. 62, PAGEID# 4137).

Moreover, the juror explained at the evidentiary hearing that she was not asked during voir dire if she had filled prescriptions written by Petitioner. (Doc. 52, Tr. 97).[1]

The Court finds no error in the Magistrate Judge's rulings on the evidentiary issues presented. As to the Magistrate Judge's conclusions regarding credibility, the Magistrate Judge "had the opportunity to view [each] witness on the stand and assess [the witness's] demeanor," *Peveler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001), and therefore the Magistrate Judge was "in the better position to assess the credibility of witnesses" he heard during the evidentiary hearing. *United States v. Woodruff*, 830 F. Supp. 2d 390, 402 (W.D. Tenn. 2011) (quoting *United States v. Robinson*, No. 1:07–CR–1, 2007 WL 2138635, at *1 (E.D. Tenn. July 23, 2007)). "Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his de novo review of the record he finds a reason to question the

---

[1]The trial transcript shows that the juror's occupation as a pharmacist was raised, but in the following manner:

MR. PAGAN: … Juror 314, you're a pharmacist, is that right?

JUROR 314: Yes.

MR. PAGAN: Okay. You deal with prescriptions?

JUROR 314: Yes.

MR. PAGAN: You heard from the Judge or the prosecutor that there will be evidence coming before you if you're a juror, related to an allegation that Dr. Blankenburg trafficked in drugs using his prescription power; did you hear that?

JUROR 314: Yes.

MR. PAGAN: Did that cause you any concern, given your occupation.

JUROR 314: If it's true, I mean, I don't know if it's true.

(Doc. 19-2, PAGEID# 3672-3673).

magistrate judge's assessment." *United States v. Johnson*, No. 10-20176, 2011 WL 3844194, at *2 (W.D. Tenn. Aug. 30, 2011).

The Court also finds no error in the Magistrate Judge's conclusion that Petitioner is not entitled to a certificate of appealability.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  That requirement is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation and internal quotations omitted).  When a court rejects the petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  *Id.* at 484.  Because issues presented turned largely on the credibility determination made by the Magistrate Judge following the evidentiary hearing, the Court's concludes that reasonable jurists could not find the Court's assessment of Petitioner's claims are debatable or wrong.  Therefore, the Court will not issue Petitioner a certificate of appealability.

Based on the foregoing, the Magistrate Judge's Magistrate Judge's June 19, 2017 Interim R&R (Doc. 26), January 9, 2019 R&R (Doc. 62) and August 2, 2019 Supplemental R&R (Doc. 72) are **ADOPTED**.  Accordingly, it is hereby **ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** with prejudice;

2. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because Petitioner has not stated a "viable claim of the denial of a constitutional

right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and, therefore, Petitioner is **DENIED** leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4. This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

   **IT IS SO ORDERED.**

   _____*/s/ Michael R. Barrett*_____
   JUDGE MICHAEL R. BARRETT